### N. C. MORSE *v.* JAMES M. BARCLAY'S ADM'R, ET AL.

**Execution and sale—Parties to a Suit.**

> Where land has been conveyed by the owner before judgment or execution against him, and the grantee is not a party thereto, a sale of such land upon execution to satisfy such judgment is void and conveys no title.

#### APPEAL FROM LEE CIRCUIT COURT.

February 6, 1877.

OPINION BY JUDGE LINDSAY:

The appellant, N. C. Morse, and the appellee, T. J. Phillips, each claim under the title of Haggin's heirs. The two Prices, who were heirs at law of Haggin, conveyed to Benjamin F. Phillips and Amos Finney in March, 1851. Finney sold and conveyed his undivided half of these lands to Daniel Breck in November, 1858. In September, 1865, Breck sold and conveyed to Morse.

There is nothing in the record to show that the title thus acquired by Morse has been defeated by an adverse holding or by any act or default on his part. But appellees claim that it was defeated by the execution sale at which Mrs. Peck purchased in 1852. This execution issued on a judgment against the administrator and heirs at law of Haggin, including the two Prices, who had therefore sold and conveyed to Phillips and Finney.

But these two heirs, at the time of the execution levy and sale, had no title to these lands. The title had been cast upon them by descent, but they sold and conveyed it away before the execution issued. They were personally bound to pay the debts of their ancestor, to the extent they had received estate from him, and under the judgment of the Montgomery Circuit Court any lands that descended to them, and remained undisposed of, could be seized and sold. But as we have already seen these lands had been disposed of, and the levy and sale under the execution did not affect or impair the title of Phillips and Finney in the slightest degree.

It may be that the judgment in the Madison Circuit Court against Phillips and Finney was based upon a balance due on one of the notes executed by them to John G. Price for a portion of the purchase price of these lands, and it may be that a lien was retained to secure the payment of said note. But if all this be true, this lien has never been enforced. The judgment in the Madison Circuit Court was a personal judgment, and the execution issued thereon was to be satisfied out of the estate of Phillips and Finney. It did not issue until the 11th day of March, 1870. At that time Morse held the legal title to the lands here in controversy, and if the sheriff of Owsley county levied on and sold the property of Morse to satisfy a judgment against his remote vendor, Finney, of course the levy and sale were void, and appellee took nothing under his purchase.

If Price held a lien on these lands and desired to enforce it, he ought to have proceeded in equity in the proper court of the county in which they are situated, and made Morse the owner of the legal title, a party to his action. He could not enforce his lien by an action at law in a distant county.

Upon the record as presented by the transcript before us, it is clear that the appellant owns one-half of the lands conveyed to Ben F. Phillips and Amos Finney by the two Prices in 1851, and it was error in the court below to dismiss his cross-petition and deny him all relief. The judgment is *reversed* and the cause remanded for a judgment settling the rights of Morse and T. J. Phillips upon principles consistent with this opinion.

The costs of this appeal will all be taxed against T. J. Phillips.

*W. L. Hurst, for appellant. H. C. Lilly, for appellees.*